## NEW YORK COMMON PLEAS.

DAVID KLEN and others agt. CATHARINE GIBNEY.

Where a *married woman* carries on the *millinery business* upon her own account, and purchases goods upon credit for such business on her own account, an action may be brought against her the same as if she were unmarried, and a judgment recovered, and the amount collected by execution out of property belonging to her in her own right. (*This agrees with the case of Barton agt. Beer,* 21 *How. Pr. R.,* 309.)

*New York General Term, November,* 1862.
DALY, BRADY and HILTON, *Judges.*

THIS was an appeal from a judgment rendered by Justice VAN COTT in fourth district court, in July, 1861. The appeal was argued in October, 1861. The general term rendered its decision at this term, reversing the judgment.

J. SOLIS RITTERBAND, *for plaintiffs and appellants.*
F. BYRNE, *for defendant and respondent.*

By the court, DALY, F. J.   The justice erred in dismissing the complaint.   It was admitted that the defendant, who is a married woman, was carrying on the millinery business upon her own account when the goods were sold to her.   That the premises where she carried it on were leased to her in her own name.   That the goods were sold to her in November, 1860, on her own separate account.   That the term of credit had expired ; that the bill had not been paid, and that her husband had no connection with or control over her business.

The sale in this case was made after the passage of the act of 1860, authorizing a married woman to carry on any trade or business on her sole and separate account.   (*Laws of* 1860, *p.* 157.)   It was decided in *Barton* agt. *Beer*, 21 *How.*, 309,) that this power to carry on trade and business includes the right to make such contracts as are incident to do it.   That, when entered into by a married woman engaged in business upon her separate and sole account, they are valid, and may be enforced against her in the same manner as if she were a *feme sole*.   I most fully give my assent to the construction given in this case to the statute.

In *Lady Wilmer's case*, (1 *Roll. R.*, 400,) it is said, that if the husband is banished by act of parliament, the wife shall have her action, and shall account as if she were a *feme sole;* and in *Derry* agt. *The Duchess of Magazine*, (1 *Ld. Ray.*, 147,) it was held, that when the husband is an alien enemy, and under an absolute disability to come and live in England, the law makes the wife of such a husband chargeable as a *feme sole* upon her debts and contracts. The act of 1860 impliedly recognizes the right of the wife to enter into such contracts as the one upon which the present action is brought, by declaring that her bargains and contracts in and about the carrying on of any trade or business, shall not be binding upon her husband, nor render him, nor his property in any way liable therefor ; and as a preceding section declares that she may carry on any trade

or business upon her sole and separate account, it necessarily follows that she is the party to be held responsible for the contracts and bargains she makes in business.   The act also declares that " she may sue or be sued in all matters having relation to her property ;" and the whole taken together shows very clearly that it was the design of the legislature that, upon all contracts made by her in the course of business, she should be proceeded against the same as if she were unmarried ; that an action might be brought against her, a judgment recovered, and the amount collected by execution out of property belonging to her in her own right.

The judgment must therefore be reversed.